**UNITED STATES of America, Appellee,**

v.

**William A. JOHNSON, Appellant.**

**No. 105, Docket 32489.**

United States Court of Appeals
Second Circuit.

Argued Oct. 4, 1968.

Decided Oct. 10, 1968.

Jerome C. Ditore, Asst. U. S. Atty. (Joseph P. Hoey, U. S. Atty., Eastern District of New York, on the brief), for appellee.

Powell Pierpoint, New York City (Neil Peck, New York City, on the brief), for appellant.

Before LUMBARD, Chief Judge, KAUFMAN and HAYS, Circuit Judges.

PER CURIAM:

William A. Johnson was convicted before Judge Mishler and a jury of robbing a bank and in the process putting "in jeopardy the life of * * * [a] person by the use of a dangerous weapon or device." 18 U.S.C. § 2113(d). He appeals his conviction and sentence of 25 years, alleging various procedural irregularities at the trial. We find these contentions without merit and affirm the conviction.

Appellant's first point is that Judge Mishler erred in charging the jury when he said:

"To put in jeopardy the life of a person by use of a dangerous weapon or device means, then, to expose such person to a risk of death or to the fear of death by the use of such dangerous weapon or device."

According to defendant, this language, because of its reference to "the fear of death," allowed the jury to find him guilty merely by finding he put someone in subjective fear of death. The proper test, he argues, requires that life be in fact endangered.

■ The charge in question was given twice, and both times defendant failed to object. In these circumstances we can review the instructions only if they contain "plain errors or defects affecting substantial rights." Fed.R. Crim.P. 52(b). We find no such error here, since on the facts of this case it could have made no difference what charge was given. Doubtless this is why defendant did not take exception to the charge in the lower court.

■ There was evidence at the trial that the defendant drove up to the window of a drive-in bank, pointed a gun at the teller, and asked for money. When she did not obey, he fired a shot at her, but the bullet failed to penetrate the bullet-proof glass of the teller's cage. Johnson argues that the teller's life was never really in danger because the glass protected her. We do not agree that this is a defense. The purpose of 18 U. S.C. § 2113(d) was to allow higher sentences to be imposed on those who use dangerous weapons in a way reasonably calculated to put life in danger. There can be no doubt that defendant falls within this category.

■ Johnson's second point is that Judge Mishler erred in refusing to excuse for cause all the veniremen who worked for banks on the ground that their occupation would necessarily prejudice them against anyone accused of robbing a bank with a gun. As a result defendant was unable to excuse an employee in the trust department of a different bank as his peremptory challenges had been exhausted. No authority is cited for the proposition that courts should excuse jurors on occupational grounds, and we see no reason for such a rule. We think the allowance of a challenge for cause in such circumstances is within the discretion of the trial judge.

■ Defendant's final point is that the court below erred in admitting in evidence a gun found in his apartment at the time of his arrest. The teller testified that the gun looked like the gun which the robber had pointed at her. The evidence was relevant; it can hard-

ly be said in a case where a gun is used in a hold-up that the gun, identified as well as was possible under the circumstances, is too prejudicial to be considered by the jury.

Conviction affirmed.