**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Richard Daniel ALSOP, Defendant-
Appellant.**

No. 72–1899.

United States Court of Appeals,
Ninth Circuit.

May 14, 1973.

L. Earl Hawley (argued), Las Vegas,
Nev., for defendant-appellant.

Raymond B. Little, Asst. U. S. Atty.
(argued), Joseph L. Ward, U. S. Atty.,
Las Vegas, Nev., for plaintiff-appellee.

Before ELY and WALLACE, Circuit Judges, and SOLOMON,* District Judge.

WALLACE, Circuit Judge:

A jury found Richard Daniel Alsop guilty of the crime of bank robbery in violation of 18 U.S.C. § 2113(a). He appeals claiming that the indictment was duplicitous, that certain jury instructions were erroneous and that the trial court erred in refusing his requested instructions. We affirm.

On November 3, 1971, Alsop entered the Nevada National Bank in Las Vegas, Nevada. He approached the teller and asked for two rolls of pennies in exchange for a dollar. When the teller placed the pennies on the counter, Alsop told her, "Give me the rest of the paper money." The teller laughed, thinking it was a joke. Alsop produced a toy gun and a paper bag and told the teller that he was not kidding. Alsop took the bag, then filled with money, and left. He was captured a short distance from the bank with the money and toy gun.[1]

 Alsop contends that the indictment was duplicitous because it placed into issue elements of 18 U.S.C. § 2113 (d), as well as those of § 2113(a). We disagree. The indictment is ordinarily sufficient when, as here, the wording of the indictment is taken directly from the statute. See United States v. Ansani, 240 F.2d 216, 223 (7th Cir.), cert. denied, 353 U.S. 936, 77 S.Ct. 813, 1 L.Ed.2d 759 (1957); Brown v. United States, 222 F.2d 293, 296 (9th Cir. 1955). That the statute and the indictment use the disjunctive phrase "by force and violence, or by intimidation" does not mean the indictment is duplicitous. See United States v. Ansani, supra, 240 F.2d at 223. Only one offense was charged and Alsop

was well aware of it. Furthermore, the indictment specifically advises Alsop that he is accused of acting "in volation of Title 18, United States Code, Section 2113(a)."

 Alsop proposed five jury instructions which were refused by the trial court. "[W]e have carefully considered the instructions as a whole and find that they fully cover the applicable law. . . . It was not error to refuse the specific instructions requested." Himmelfarb v. United States, 175 F.2d 924, 951 (9th Cir.), cert. denied, 338 U.S. 860, 70 S.Ct. 103, 94 L.Ed. 527 (1949). Three of the proposed instructions defined other crimes, none of which were charged against Alsop. They were properly rejected. The fourth directs the jury that it can consider the lack of evidence on a particular issue. This instruction may be useful in a particular case at the judge's discretion, but failing to give it was not error. United States v. Hephner, 410 F.2d 930, 934 (7th Cir. 1969). The final rejected instruction would advise the jury that any intimidation requires a demonstration of ability to carry out the threat. This is not a prerequisite for a conviction pursuant to 18 U.S.C. § 2113(a). See United States v. Brown, 412 F.2d 381, 383–384 (8th Cir. 1969).

 Alsop objected to and now challenges the language emphasized in the following instruction:

Now, to take "by intimidation" means wilfully to take by putting in fear of bodily harm. Such fear must arise from the wilful conduct of the accused, rather than from some mere temperamental timidity of the victim; however, the fear of the victim need

* Honorable Gus J. Solomon, United States District Judge, Portland, Oregon, sitting by designation.

1. The arresting officer testified that, when Alsop was captured, "directly to the left of him, approximately one to two feet from his side, was a brown paper bag, which was torn on one side, revealing paper currency of an unknown amount, and a small chrome-colored cap pistol." Evidently, the cap pistol looked authentic. A bank teller, when asked what she had been afraid of, replied: "That the gun could have been—what he could have done. It looked pretty real after you looked at it for a while."

not be so great as to result in terror, panic, or hysteria.

A taking "by intimidation" must be established by proof of one or more acts or statements of the accused which were done or made, in such a manner, and under such circumstances, as would produce in the ordinary person fear of bodily harm.

*However, actual fear need not be proved.* Fear, like intent, may be inferred from statements made and acts done or omitted by the accused, and by the victim as well; and from all the surrounding circumstances shown by the evidence in the case.[2]

He asserts that fear must be proven and that the *challenged language obviates* this essential element. However, actual fear need not be proven. The instruction when read as a whole advises the jury to focus its attention on the conduct of the defendant and not on the reaction of the victim. The courageousness or timidity of the victim is irrelevant; it is the acts of the accused which constitute an intimidation.[3] Were it otherwise, a fearless banker could never be robbed by intimidation. We refuse to reach such an absurd result.

██ ██ He also contends that stating "actual fear need not be proved" is inconsistent with defining intimidation as "wilfully to take by putting in fear of

bodily harm." However, reading the instruction as a whole, rather than focusing on selected segments, leads us to believe the jury was not misled.[4]

Affirmed.

2. See 2 E. Devitt & C. Blackmar, Federal Jury Practice and Instructions § 48.05 (2d ed. 1970).

3. *See* United States v. Epps, 438 F.2d 1192, 1193 (4th Cir. 1971) ; United States v. Brown, *supra*, 412 F.2d at 383–384; United States v. Baker, 129 F.Supp. 684, 686–687 (S.D.Cal.1955). *See also* United States v. Johnson, 401 F.2d 746 (2d Cir. 1968).

4. The determination of whether there has been an intimidation should be guided by an objective test focusing on the accused's actions. That test requires the application of the standard of the ordinary man. Therefore, to obviate any future alleged difficulty, we suggest the definition of in-

timidation should be modified. It could read, for example: To take, or attempt to take, "by intimidation" means wilfully to take, or attempt to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm. *See* United States v. Roustio, 455 F.2d 366, 371–372 (7th Cir. 1972) ; United States v. Thomas, 455 F.2d 320, 322 (6th Cir. 1972) ; United States v. DePalma, 414 F.2d 394, 396 (9th Cir. 1969), cert. denied, 396 U.S. 1046, 90 S.Ct. 697, 24 L.Ed.2d 690 (1970). *See also* United States v. Epps, and cases cited, *supra* note 3.