**UNITED STATES of America, Plaintiff,**

v.

**Henry COBELL, Defendant.**

**No. CR–82–09–GF.**

United States District Court,
D. Montana,
Great Falls Division.

July 23, 1982.

Robert L. Zimmerman, Asst. U. S. Atty., Billings, Mont., for plaintiff.

Charles F. Moses, Billings, Mont., for defendant.

## MEMORANDUM OPINION

HATFIELD, District Judge.

Having been tried and convicted by a jury on all four counts of an indictment charging him with misapplying, stealing and obtaining by fraud federal funds received by the Blackfoot Indian Tribe under the Comprehensive Employment and Training Act of 1973, in violation of 18 U.S.C. § 665(a), the defendant has moved post-trial for an arrest of judgment on the ground that the indictment herein was defective as a matter of law. In addition, the defendant has moved for a new trial on the ground that there existed insufficient evidence before the jury to support any finding that he had converted manpower funds.

Having previously denied the motions so submitted, I now issue the present memorandum reiterating the basis for my ruling.

## I.

In support of his motion for arrest of judgment, Mr. Cobell raises the same challenge as previously ruled upon by the court in its rejection of Mr. Cobell's pretrial motion to dismiss the indictment filed herein. The court abides by its previous ruling with respect to the sufficiency of the indictment at issue, but will take this opportunity to further elucidate the basis of that prior ruling.

Count I of the indictment filed by the grand jury reads:

That on or about the 12th day of August, 1980, in the State and District of Montana, Henry Cobell, being an employee of Blackfeet Manpower Development of the Blackfeet Indian Reservation, an agency receiving financial assistance under the Comprehensive Employment and Training Act, did knowingly and willfully misapply, steal and obtain by fraud, $3,940.45 which was the subject of a grant or contract of assistance pursuant to such Act, in violation of 18 U.S.C. § 665.

The remaining three counts of the indictment were identically phrased, differing only as to the date and amount of money involved.

Mr. Cobell contends the indictment at issue is insufficient in that it is vague and fails to contain a statement of the facts and circumstances sufficient to have informed him of the specific offense with which he was charged. Specifically, Mr. Cobell argues that the indictment should have contained a statement of facts sufficient to apprise him of the manner and means which the government contended he utilized in accomplishing the conversion of funds.

Disposition of the issue presented must begin with recognition of the well-established rule that a bill of particulars cannot save an invalid indictment. *Russell v. United States*, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962). Mr. Cobell is correct in his assertion that if the indictment is in fact found to be insufficient, then the subsequent action of the government in providing a bill of particulars will not serve to cure the invalid indictment.

■ Any inquiry with respect to the sufficiency of an indictment must focus on whether the indictment provides the "substantial safeguards" to a criminal defendant which indictments are designed to guarantee. In that regard, an indictment must furnish the defendant with a sufficient description of the charges against him: (1) to enable him to prepare his defense, (2) to ensure that the defendant is prosecuted on the basis of facts presented to the grand jury, (3) to enable him to plead jeopardy against a later prosecution, and (4) to inform the court of the facts alleged so that it can determine the sufficiency of the charge. *Russell v. United States*, 360 U.S. at 763, 768 n.15, 771, 82 S.Ct. at 1046, 1049 n.15, 1051; *United States v. Pheaster*, 544 F.2d 353, 360 (9th Cir. 1976) *cert. denied*, 429 U.S. 1099, 97 S.Ct. 1118, 51 L.Ed.2d 546 (1977). To perform these functions, the indictment must set forth the elements of the offense charged and contain a statement of the facts and circumstances that will inform the accused of the specific offense with which he is charged. *Hamling v. United States*, 418 U.S. 87, 117–18, 94 S.Ct. 2887, 2907–08, 41 L.Ed.2d 590 (1974).

■ The sufficiency of an indictment must be judged in light of *Hamling, Id.*:

Our prior cases indicate that an indictment is sufficient if it, first contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. *Hagner v. United States*, 285 U.S. 427 [52 S.Ct. 417, 76 L.Ed. 861] (1932); *United States v. Debrow*, 346 U.S. 374 [74 S.Ct. 113, 98 L.Ed. 92] (1953). It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as "those words of themselves fully, directly, and expressly, without any

uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." *United States v. Carll*, 105 U.S. 611, 612 [26 L.Ed. 1135] (1882). "Undoubtedly the language of the statute may be used in the general description of the offence, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged." *United States v. Hess*, 124 U.S. 483, 487 [8 S.Ct. 571, 573, 31 L.Ed. 516] (1888).

■ In light of the standard espoused in *Hamling*, I previously found and remain convinced that the indictment here was sufficient. To obtain a conviction under 18 U.S.C. § 665, the government must prove two essential elements:

(1) that the accused was an officer, director, agent or employee of, or connected in any capacity with an agency receiving financial assistance under CETA;

(2) that the accused embezzled, willfully misapplied, stole, or obtained by fraud "moneys, funds, assets, or property which are the subject of a grant or contract of assistance."

*United States v. Coleman*, 590 F.2d 228, 230 (7th Cir. 1978), *cert. denied*, 440 U.S. 980, 99 S.Ct. 1786, 60 L.Ed.2d 239 (1979).

■ Each count of the indictment clearly charged Mr. Cobell, as an employee of the Blackfeet Manpower Development of the Blackfeet Indian Reservation, with willfully misapplying, etc., money which was the subject of a grant or contract of assistance. Furthermore, the amounts and dates of each such misapplication, etc., were specified. I believe it was unnecessary that Mr. Cobell needed to be told the manner and means he employed in accomplishing his end.

The Court of Appeals for this Circuit has stated that:

1. The Court of Appeals for this Circuit has succinctly stated the basis upon which my rejection of this contention is based:

A distinction is to be drawn between an indictment which fails to set forth the essential facts necessary to apprise a defendant of the crime charged and one which, though it specifies the necessary facts, fails to specify the theory upon which those facts will be proved at trial or the evidence upon which the proof will rest. Rule 7(c), F.R.Crim.P., provides that an indictment must state the essential facts constituting the offense charged, but may allege that the means by which the defendant committed the offense are unknown or that he committed it by one or more specified means.

*United States v. Markee*, 425 F.2d 1043, 1047–48 (9th Cir.), *cert. denied*, 400 U.S. 847, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970).

■ Here, as in *Markee*, the indictment set forth all of the essential facts necessary to constitute an offense under 18 U.S.C. § 665. Mr. Cobell was apprised of the facts necessary to make him well aware of the specific charge against him. Clearly, the indictment did not disclose the government's theory of the case, but such disclosure is not required under Rule 7(c) of the Federal Rules of Criminal Procedure.

A final point deserves comment. In his pretrial challenge to the indictment at issue, Mr. Cobell contended that the government should not have been allowed to charge three alternate means by which he allegedly converted the C.E.T.A. funds, *i.e.*, misapplied, stole, and obtained by fraud. Although his post-trial motion does not specifically make such a challenge, Mr. Cobell's contention that the indictment failed to set forth the essential facts actually insinuates that additional facts should have been included which would have limited the government's theory of each count to one of the enumerated means. A review of the pertinent law reveals that any contention of Mr. Cobell in that respect was also properly rejected.[1]

Once it is determined that the statute defines but a single offense, it becomes proper to charge the different means, denounced disjunctively in the statute, conjunctively in

## II.

With respect to Mr. Cobell's motion for a new trial, I find the evidence adduced at trial was clearly sufficient to sustain the conviction which was had. Therefore, I reject as without merit Mr. Cobell's contention that the evidence was insufficient to sustain the verdict in this case.

each count of the indictment. *United States v. Alsop*, 479 F.2d 65, 66 (9th Cir. 1973). Proof of any one of the allegations will sustain a conviction (*Todorow v. United States*, 173 F.2d 439 (9th Cir.), *cert. denied*, 337 U.S. 925, 69 S.Ct. 1169, 93 L.Ed. 1733 (1949)) but a judgment of guilty will bar any further prosecution with respect to any of the prohibited means embraced within the count. *Turf Center, Inc. v. United States*, 325 F.2d 793, 796 (9th Cir. 1963); 8 J. Moore, Federal Practice, para. 7.01(2) (2d ed. 1976); Rule 7(c)(1), Fed.Rules Crim.Pro. It is not a valid objection that the government has not disclosed its theory of proof in the indictment, see *United States v. Markee*, 425 F.2d 1043, 1047–1048 (9th Cir.), *cert. denied*, 400 U.S. 847, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970), nor that the jury, in arriving at a unanimous verdict, may not agree on the particular means by which the offense was committed. *United States v. UCO Oil Co.*, 546 F.2d 833, 838 (1976).