56 F.3d 75
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Andrew SIMON, aka Robert Andrew Meler, Defendant-Appellant.
 No. 94-10372.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 13, 1995.*
Decided May 18, 1995.
 
 Before: GIBSON,** GOODWIN, and HUG, Circuit Judges.
 
 
 1
 Memorandum***
 
 
 2
 Robert Simon appeals his conviction and sentence for bank robbery, in violation of 18 U.S.C. Sec. 2113(a) (1988). Simon contends that the district court erred by: (1) incorrectly instructing the jury on the definition of "intimidation"; (2) refusing to instruct the jury on bank larceny, which he argues is a lesser included offense of bank robbery; and (3) denying him a two-level sentencing reduction for acceptance of responsibility. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 (1988) and 18 U.S.C. Sec. 3742 (1988), and we affirm.
 
 I. BACKGROUND
 
 3
 On February 7, 1994, Simon entered a Bank One in Phoenix, Arizona, and approached one of the tellers' windows. When the teller informed him that her window was closed, Simon went to the next teller and gave her a note that read, "Hi, money in top and bottom drawers, be calm." The teller handed Simon approximately $4676, including her "bait bills"[1] and a Pro-Net tracking device.[2] Simon took the money and left the bank. Using the signals emitted from the tracking device and the tellers' descriptions, Phoenix police officers promptly apprehended Simon. As the officers approached him, Simon stated, "You got me." When the officers searched Simon, he informed them that he had a $50 bill in his shirt pocket.
 
 
 4
 After his arrest, Simon confessed to taking money from the Bank One, as well as from other banks in neighboring states. He was indicted and charged with one count of bank robbery. Simon offered to negotiate a plea agreement that resolved all of the potential federal charges against him; however, the prosecutor refused to negotiate for jurisdictions other than Arizona.
 
 
 5
 Following a two-day trial, the jury found Simon guilty as charged. The district court refused to grant Simon a two-level reduction for acceptance of responsibility, U.S.S.G. 3E1.1, and sentenced him to sixty-three months incarceration. He appeals his conviction and sentence.
 
 II. DISCUSSION
 A. Jury Instructions
 
 6
 First, Simon argues that the district court erred in defining the element of intimidation for bank robbery. 18 U.S.C. Sec. 2113(a).[3] Although we consider jury instructions as a whole to determine if they are misleading or inadequate, the issue of "whether a jury instruction misstated elements of a statutory crime is a question of law and is reviewed de novo." United States v. Spillone, 879 F.2d 514, 525 (9th Cir. 1989), cert. denied, 498 U.S. 864, 878 (1990).
 
 
 7
 In this case, the district court instructed the jury that "[i]ntimidation means saying or doing something that would cause a reasonable person to fear bodily harm." Next, the court explained that "[e]xpress threats of bodily harm, threatening body motions, or the physical possibility of a concealed weapon are not required to establish intimidation." Finally, the court informed the jury that "[u]se of a demand note, verbal instructions to provide money, and reactions of the bank teller are factors that may be considered in deciding intimidation."[4]
 
 
 8
 Relying on United States v. Alsop, 479 F.2d 65 (9th Cir. 1973), Simon argues that the district court improperly informed the jury that intimidation involved a subjective standard focusing on the bank teller's reactions, rather than "an objective test focusing on the accused's actions." Id. at 67 n.4. Simon also complains that the court's instruction invited the jury to find intimidation merely because he used a demand note.
 
 
 9
 We disagree with Simon's interpretation of the court's instruction. At the outset, the court focused the jury's attention on the defendant's actions and the objective standard. We do not believe that the portion of the instruction that mentioned the use of a demand note as one of the factors for the jury to consider relieved the government of its burden to prove intimidation. Reading the instruction as a whole, rather than parcelling out selected segments, we conclude that the court did not misinform or mislead the jury on the proper standard for determining intimidation.
 
 
 10
 Second, Simon argues that the district court erred by refusing to instruct the jury on bank larceny. Simon concedes that this Circuit has previously held that bank larceny is not a lesser included offense of bank robbery. See United States v. Lucas, 963 F.2d 243, 247 (9th Cir. 1992) ("[B]ank larceny ... contains a specific intent element which need not be proved in the bank robbery context.... We thus hold that bank larceny cannot be 'necessarily included' in bank robbery." (quotation omitted)). Because "a panel not sitting en banc has no authority to overturn Ninth Circuit precedent," id. (quotation omitted), we reject Simon's arguments.
 
 B. Sentencing
 
 11
 Whether a defendant has accepted responsibility for his crime is a factual determination, which we review under the clearly erroneous standard. United States v. Gonzalez, 897 F.2d 1018, 1019 (9th Cir. 1990). "'The sentencing judge is in a unique position to evaluate the defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference' and should not be disturbed on review unless without foundation." Id. (quoting U.S.S.G. Sec. 3E1.1, comment. (n.5)).
 
 
 12
 At sentencing, Simon claimed that he had demonstrated acceptance of responsibility for his actions by: cooperating with the police officers at the time of his arrest; confessing to taking money from the Bank One and other banks; and offering to negotiate a plea agreement. The district court, however, rejected Simon's arguments and stated:
 
 
 13
 the acceptance of responsibility requires more than admitting it to the arresting officers, or confessing. When you move to suppress the statement and it is unsuccessful, you try to get other plea deals worked out in other jurisdictions, and that is unsuccessful and then ... [you] punish the government ... [by] [c]ausing them to spend money to go through the motions.... [t]hat is not accepting responsibility ....
 
 
 14
 The defendant carries the burden of demonstrating his acceptance of responsibility. United States v. Innie, 7 F.3d 840, 848 (9th Cir. 1993), cert. denied, 114 S. Ct. 1567 (1994). "Although a defendant may manifest a sincere contrition even if he exercises his constitutional right to trial, his decision to put the government to its burden of proof at trial by denying essential elements of guilt may be inconsistent with an acceptance of responsibility." Id. In this case, the court did not merely punish Simon for refusing to plead guilty, but instead, found that Simon's actions were inconsistent with his claim of contrition. We conclude that the court did not clearly err in denying Simon a sentencing reduction for acceptance of responsibility.
 
 III. CONCLUSION
 
 15
 Accordingly, we AFFIRM Simon's conviction and sentence.
 
 
 
 *
 This panel unanimously agrees that this case is appropriate for submission without oral argument. Fed. R. App. P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Floyd R. Gibson, Senior Circuit Judge for the Eighth Circuit Court of Appeals, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The bank records the serial numbers, series years, and denominations of certain currency or "bait bills," and then assigns these bills to a particular bank teller in order to facilitate tracing the money in the event of a robbery
 
 
 [2]
 Pro-Net is a magnetic tracking device. A transmitter is installed into a stack of currency in each bank teller's drawer; once this transmitter is removed from its magnetized pad, the device emits a signal. Using special tracking equipment, police officers are then led to the source of the signal
 
 
 [3]
 "Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another ... money ... in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association ... [s]hall be fined ... or imprisoned ... or both."
 
 
 [4]
 We note that the court's instruction was directly patterned after language in our prior opinions describing the element of intimidation for bank robbery. See United States v. Alsop, 479 F.2d 65, 67 n.4 (9th Cir. 1973) ("[t]o take, or attempt to take, 'by intimidation' means wilfully to take, or attempt to take, in such a way that would put an ordinary, reasonable person in fear of bodily harm"); United States v. Bingham, 628 F.2d 548, 549 (9th Cir. 1980) ("express threats of bodily harm, threatening body motions, or the physical possibility of concealed weapon" are not required), cert. denied, 449 U.S. 1092 (1981); United States v. Hummasti, 986 F.2d 337, 338 (9th Cir.) ("[t]he threat implicit in [the defendant's] written and verbal demands for money, together with the testimony of the teller that she was frightened, are sufficient to support the jury's verdict"), cert. denied, 113 S.Ct. 2984 (1993)