**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Suzette SHAFFER, Defendant–**
**Appellant.**

No. 07–10158.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 11, 2008.*

Filed Aug. 14, 2008.

* The panel unanimously finds this case suitable for decision without oral argument.

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

Christina Brown, Esq., USLV–Office of The U.S. Attorney Lloyd George, Las Vegas, NV, for Plaintiff–Appellee.

Scott W. Edwards, Esq., Reno, NV, for Defendant–Appellant.

Before: McKEOWN, CALLAHAN, and SILER,** Circuit Judges.

MEMORANDUM ***

In 2005, Defendant Suzette Shaffer and Ryan Frank kicked open the door to Robert Thompson's home on the Ely Colony Indian Reservation in Nevada. Shaffer and Frank entered Thompson's home, cornered him, and demanded $350 for the repayment of a loan from Amber Cardwell. Shaffer repeatedly poked Thompson in the chest, used profanities, and threatened him. Thompson said that he could not

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

repay the loan, and instead offered a key to a truck on Thompson's property as "collateral" for repayment of the loan. Shaffer and Frank took the key, but neither accessed the truck; instead, it remained on Thompson's property.

Shaffer was later charged with one count of robbery under 18 U.S.C. § 2111, and one count of aiding and abetting under 18 U.S.C. § 2. Shaffer requested that the district court instruct the jury that theft, as defined in 18 U.S.C. § 661, is a lesser-included offense of robbery. The district court declined to do so, and Shaffer was convicted of both robbery and aiding and abetting. Shaffer now appeals the district court's denial of her requested jury instruction.

Shaffer was entitled to an instruction on a lesser-included offense if the law and evidence satisfy a two-prong test. *United States v. Arnt,* 474 F.3d 1159, 1163 (9th Cir.2007). Under the first prong, "the elements of the lesser offense [must be] a subset of the elements of the charged offense," then a lesser-included offense jury instruction is warranted. *Id.* (quoting *Schmuck v. United States,* 489 U.S. 705, 716, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989)). The second prong of the test is satisfied if "the evidence would permit a jury rationally find [the defendant] guilty of the lesser offense and acquit [her] of the greater." *Id.* (quoting *Keeble v. United States,* 412 U.S. 205, 208, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973)). We review the first prong de novo and the second prong for abuse of discretion. *Id.* (citing *United States v. Naghani,* 361 F.3d 1255, 1262 (9th Cir.2004)).

Theft, as defined in 18 U.S.C. § 661, is not a lesser-included offense of robbery, as defined in 18 U.S.C. § 2111, because theft requires proof of two elements that robbery does not require. Robbery is defined as the taking or attempted taking "by force and violence, or by intimidation" anything of value from another person or presence of another. 18 U.S.C. § 2111. Theft, however, is defined as the taking and carrying away, with the "intent to steal or purloin," the personal property of another. 18 U.S.C. § 661. As apparent from the definitions, theft requires both proof of the taking and carrying away of property, and proof of the intent to steal or purloin. In contrast, robbery does not require proof of either. Additionally, robbery requires proof of force and violence, or intimidation, and one may be convicted of robbery even if one only attempted a taking. Neither of these elements is found within the definition of theft under § 661. Therefore, under the first prong, a lesser-included offense jury instruction was not warranted.

As to the second prong, given the evidence presented at trial, a rational jury would not have been able to convict Shaffer of theft under 18 U.S.C. § 661 and acquit her of robbery under 18 U.S.C. § 2111. First, there was not an actual taking in this case, as required for a conviction of theft under § 661. While Shaffer might argue that the truck key was "taken," Thompson freely gave that key to Shaffer and Frank as collateral. More importantly, the value was not in the key, but rather in the truck, which neither Shaffer nor Frank ever accessed. Nor did Frank or Shaffer abscond with the truck, which they clearly could have done. Further, Shaffer had no intent to take the key; rather, her intent was to take $350 from Thompson for repayment of the loan.

Shaffer also argues that it was possible for the jury to find that she did not act with "force and violence, or by intimidation," as required by § 2111, because Thompson did not feel threatened by Shaffer. However, Shaffer clearly used force with the intent to intimidate Thompson,

given that she repeatedly poked him, yelled profanities, and threatened him. That Thompson was not intimidated by her actions is of no consequence. *See United States v. Foppe,* 993 F.2d 1444, 1451 (9th Cir.1993) ("The determination of whether there has been an intimidation should be guided by an objective test focusing on the accused's actions.") (quoting *United States v. Alsop,* 479 F.2d 65, 67 n. 4 (9th Cir.1973)).

Shaffer's contention that the jury could have acquitted her of robbery and simultaneously convicted her of theft is against both the weight of the evidence here and clearly established law. The district court correctly declined to charge the jury on theft.

AFFIRMED.