**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50353 |
| Plaintiff - Appellee, | D.C. No. 2:06-cr-00812-CBM-1 |
| v. | |
| JAMES ERNEST DAVIS, | MEMORANDUM [*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Consuelo B. Marshall, District Judge, Presiding

Submitted January 12, 2010[**]
Pasadena, California

Before: CANBY, HALL and O'SCANNLAIN, Circuit Judges.

James Davis appeals his jury conviction of two counts of bank robbery in violation of 18 U.S.C. § 2113(a). He advances three arguments for vacating the conviction, each of which is defeated by well-established precedent. The first

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

argument—that the district court abused its discretion by declining to instruct the jury as to the consequences of a verdict of not guilty by reason of insanity—is foreclosed by *United States v. Shannon*, in which the United States Supreme Court cautioned that an instruction concerning the consequences of such a verdict "is not to be given as a matter of general practice." 512 U.S. 573, 587 (1994). The second argument—that the district court abused its discretion by declining to instruct the jury to consider the "perspective" of the bank tellers—is foreclosed by *United States v. Alsop*, in which we held that a jury must "focus its attention on the conduct of the defendant and not on the reaction of the victim." 479 F.2d 65, 67 (9th Cir. 1973). The third argument—that there was insufficient evidence of a taking by intimidation—is defeated by uncontested evidence that Davis presented the tellers with demand notes. *See United States v. Hopkins*, 703 F.2d 1102, 1103 (9th Cir. 1983) ("[T]hreats implicit in . . . written and verbal demands for money provide sufficient evidence of intimidation to support [a] jury's verdict.").

The judgment of the district court is

**AFFIRMED.**