NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10427 |
| Plaintiff-Appellee, | D.C. No. 1:14-cr-00101-DAD-BAM-1 |
| v. | |
| DOUGLAS JASON WAY, AKA Jason Way, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Argued and Submitted November 13, 2019
San Francisco, California

Before: W. FLETCHER and BADE, Circuit Judges, and MOSKOWITZ,** District Judge.

A jury convicted Defendant-Appellant Douglas Jason Way ("Way") of

seven charges: (1) conspiracy to manufacture, distribute, and/or possess with intent

to distribute a controlled substance analogue, 21 U.S.C. § 841(a)(1);

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Barry Ted Moskowitz, United States District Judge for the Southern District of California, sitting by designation.

(2) manufacture of a controlled substance analogue, § 841(a)(1); (3) distribution of a controlled substance analogue, § 841(a)(1); (4) attempted possession with intent to distribute for human consumption a controlled substance analogue, § 841(a)(1); (5) conspiracy to possess a listed chemical with reasonable cause to believe that it would be used to manufacture a controlled substance analogue, § 841(c)(2); (6) conspiracy to defraud and/or to commit offenses against the United States, 18 U.S.C. § 371; and (7) introduction into interstate commerce of misbranded drugs, 21 U.S.C. § 331(a).

Way's first five convictions are under the Controlled Substances Act ("CSA"). The Controlled Substances Analogue Enforcement Act ("Analogue Act") treats a controlled substance "analogue"—one that is substantially similar to a controlled substance but not scheduled itself—as though it were a Schedule I controlled substance. 21 U.S.C. §§ 802(32)(A), 813. A jury convicted Way of the CSA charges under the theory that the synthetic cannabinoid 5-F-UR-144 was an analogue of JWH-018, which is a scheduled controlled substance, 21 C.F.R. § 1308.11(g)(3). Way challenges his convictions, raising fourteen reasons why we should reverse. We hold none of them to be meritorious and affirm.

1. The district court appropriately denied Way's motion to dismiss counts of the Second Superseding Indictment ("Indictment") for duplicitous and disjunctive pleading. The district court's denial of a motion to dismiss an indictment is

reviewed *de novo*. *United States v. Marguet-Pillado*, 560 F.3d 1078, 1081 (9th Cir. 2009). Its findings of fact are reviewed for clear error. *Id.* To pass constitutional muster, an indictment must give the defendant fair notice of the charges against him and protection against double jeopardy. *Hamling v. United States*, 418 U.S. 87, 117 (1974) (citing *Hagner v. United States*, 285 U.S. 427 (1932); *United States v. Debrow*, 346 U.S. 374 (1953)). An indictment is "generally sufficient" if it "set[s] forth the offense in the words of the statute itself," if that phrasing includes all elements of the offense. *Id.*

Counts 1, 2, 3, 5, 11, and 12 of the Indictment tracked the statutory language and set forth the essential elements of the charged offenses, and also provided fair notice and protection against double jeopardy. The use of "and/or," "or," and "one or more" in the charging language in Counts 1, 2, 3, 5, 11 (renumbered as Count 6 in the verdict form), and 12 (renumbered as Count 7 in the verdict form) is not fatal, because these counts gave Way clear notice of the charges against him. *See United States v. Zavala*, 839 F.2d 523, 526 (9th Cir. 1988); *United States v. Alsop*, 479 F.2d 65, 66 (9th Cir. 1973). Taken in context, it is clear that the majority of grand jurors found probable cause as to all of the allegations in the charges. While use of "or" or "one or more" in an indictment is ill-advised and can result in insufficient notice to the defendant, *see United States v. Aguila-Montes de Oca*, 655 F.3d 915, 967–70 (9th Cir. 2011) (en banc) (Berzon, J., concurring), *abrogated*

*by Descamps v. United States*, 570 U.S. 254 (2013), we see no such problem here. The Indictment clearly gave Way notice of the charges and was sufficient for him to raise the bar of double jeopardy.

2. The district court did not err when it did not order further discovery into internal Drug Enforcement Agency ("DEA") decisionmaking. Discovery rulings are reviewed for abuse of discretion. *United States v. Soto-Zuniga*, 837 F.3d 992, 998 (9th Cir. 2016). The government must turn over to the defendant items that are "within the government's possession, custody, or control" and if they are "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E)–(E)(i). First, based on the testimony of Dr. Terrence Boos, there was substantial evidence that the items Way sought were not in the government's possession. Second, Way did not establish materiality because the Analogue Act cases require the jury to decide whether a substance is a controlled substance analogue based on the expert testimony presented at trial. DEA's internal decisions to treat the substances at issue as analogues would thus not help Way prepare a defense. *See United States v. Hernandez-Meza*, 720 F.3d 760, 768 (9th Cir. 2013). The district court acted within its discretion when it affirmed the magistrate judge's denial of Way's discovery request on this ground.

3 & 4. The district court did not err in not allowing testimony about DEA's internal processes for controlled substance analogue determinations. Evidentiary

4                                                                    18-10427

rulings are reviewed for abuse of discretion. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 141 (1997). District judges receive substantial deference in their evidentiary rulings. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008). The district court ruled that since the jury would decide what was a controlled substance analogue, any internal DEA disagreement as to whether 5-F-UR-144 was an analogue was irrelevant. We agree with the district court.

5. The district court did not err in denying Way's motion to prevent the government from calling DEA scientists as rebuttal witnesses. This evidentiary ruling is reviewed for abuse of discretion. *Gen. Elec. Co.*, 522 U.S. at 141–42. Way argues the government was judicially estopped from calling these witnesses after the government stated it would "not rely[] at trial on the expert opinion of DEA."

A court has discretion to invoke judicial estoppel based on the test set forth in *United States v. Ibrahim*, 522 F.3d 1003, 1009 (9th Cir. 2008). All of the *Ibrahim* factors weigh heavily against invoking judicial estoppel here. The government's statements were not "clearly inconsistent" with its decision to call DEA experts as rebuttal witnesses, the government did not appear to have "successfully persuaded" the magistrate judge that it would not call such witnesses, and the government did not "derive an unfair advantage or impose an unfair detriment" because Way's counsel was on notice of this possibility. *See id.* The

district court did not abuse its discretion.

6 & 7.  The district court committed harmless error by failing to conduct a *Daubert* hearing or make any reliability findings on the record about the government's expert witnesses.  This evidentiary ruling is reviewed for abuse of discretion.  *Gen. Elec. Co.*, 522 U.S. at 141–42.  District courts must admit only relevant and reliable expert testimony.  Fed. R. Evid. 702; *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993).  A *Daubert* hearing is not necessary, *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463–64 (9th Cir. 2014) (en banc), but the court must make some explicit finding that an expert witness is qualified, *see United States v. Flores*, 901 F.3d 1150, 1165 (9th Cir. 2018).  In so doing, the court should expressly analyze the *Daubert* factors to some extent on the record.  *See id.*  The district court failed to hold a *Daubert* hearing or make explicit findings that the government's experts' testimony was based on reliable science.  But this error was harmless because the record clearly demonstrates that the admitted expert testimony was relevant and based on reliable scientific methodology given the experts' academic and professional experience and the nature of their testimony.  *See United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1190–91 (9th Cir. 2019) (per curiam).  Accordingly, the district court did not abuse its discretion in admitting the government's expert testimony.

8.  Way appeals the district court's denial of his motion to strike reference to

XLR11[1] as an analogue from the Indictment and to dismiss prosecution of Way relating to it for the DEA's alleged failure to comply with the Administrative Procedure Act, 5 U.S.C. § 552(a)(1)(D). This issue is reviewed *de novo*. *Marguet-Pillado*, 560 F.3d at 1081. The Analogue Act sets forth two requirements for a substance to be a controlled substance analogue: it must be "substantially similar" in both (1) chemical structure and (2) pharmacological effect to a Schedule I or II controlled substance. 21 U.S.C. § 802(32)(A). Way argues that the DEA engaged in interpretive rulemaking, without complying with the Administrative Procedure Act, through (1) the process by which it determines substantial similarity of chemical structure and (2) its opinion that XLR11 is substantially similar in chemical structure to JWH-018.

An interpretive rule is an "interpretation[] of general applicability formulated and adopted by the agency," 5 U.S.C. § 552(a)(1)(D), which "advise[s] the public of the agency's construction of the statutes and rules which it administers," *Perez v. Mortg. Bankers Ass'n*, 575 U.S. 92, 96 (2015) (quoting *Shalala v. Guernsey Mem'l Hosp.*, 514 U.S. 87, 99 (1995)). DEA opinions on controlled substance analogues are not interpretive rulemaking because the factfinder at trial, rather than the DEA, makes these determinations based on the

---

[1] The Indictment referred to the substance as XLR11, whereas the verdict form referenced 5-F-UR-144. Based on the record, the parties appeared to treat these substances interchangeably due to their marginal differences.

language of the Analogue Act and the expert testimony presented at trial.

9. The district court did not err in excluding evidence of Way's compliance with state law governing the substances in this case. This evidentiary ruling is reviewed for abuse of discretion. *Gen. Elec. Co.*, 522 U.S. at 141–42. A district court may exclude irrelevant evidence and any relevant evidence whose probative value is substantially outweighed by its potential to confuse the issues. Fed. R. Evid. 402, 403. The district court found evidence of state law compliance irrelevant to a case involving only federal law charges. We agree that the defendant's efforts to comply with state law are irrelevant to charges of violating federal law.

10. The prosecutor erred in her rebuttal closing argument, but Way's substantial rights were not affected. In her rebuttal closing argument, the prosecutor, in arguing that there was circumstantial evidence that Way knew his products contained analogues of a controlled substance, said:

> Circumstantial evidence from which you are entitled to infer the defendant knew what he was doing and knew that the 5-F-UR-144 was a controlled substance analogue also includes knowledge that a substance is subject to seizure by law enforcement. Which is the subject of the attempted possession count, the 12 kilos of 5-F-UR-144 that was seized here by Fresno County Sheriffs.

> And there's a lot of evidence of seizures in this case. A lot of evidence. There were seizures to Up In Smoke in January of 2013. . . .

> You heard from Rachel Templeman that these seizures kept escalating and they didn't get their product back. Knowledge that their product is

subject to seizure by law enforcement is strong circumstantial evidence that the defendant knew that 5-F-UR-144 was a controlled substance analogue.

This short statement in a rather long rebuttal argument was misleading because not all of the seizures were for violations of federal law.

But, because the error was harmless, Way does not prevail on this issue. *See* Fed. R. Crim. P. 52(a). The trial record reveals overwhelming evidence of Way's knowledge of analogue status, such that his substantial rights were not affected by the government's remarks. *See McFadden v. United States*, ___ U.S. ___, 135 S. Ct. 2298, 2303–04, 2307 (2015) (setting forth the ways to prove knowledge under the CSA and Analogue Act and remanding for harmless error analysis). Way gave a sworn statement to the U.S. Attorney's Office, in which he highlighted his familiarity with "spice," the street term for synthetic cannabis, and the "counterculture industry." He explained his extensive experience with smoke shops, which comprised his company's customer base, and showed he was aware of the likely illegal products such stores carry. He admitted familiarity with marijuana and agreed that his company's 5-F-UR-144 products looked similar to it. Other circumstantial evidence of Way's knowledge included his unusually high compensation, his admission that it was possible his customers were smoking his products, a series of unusual business practices, and his role as the "executive leader" of the company. The circumstantial evidence also showed that Way

18-10427

participated in business practices designed to evade law enforcement detection and that he knew of the unlawful nature of his company's products. *See McFadden*, 135 S. Ct. at 2304 n.1. The government's error in rebuttal closing argument was harmless. *See United States v. Vargas-Rios*, 607 F.2d 831, 838 (9th Cir. 1979).

11. The district court did not err in denying Way's Rule 29 motion for acquittal for insufficiency of evidence. A district court's denial of a motion for judgment of acquittal is reviewed *de novo*. *United States v. Wanland*, 830 F.3d 947, 952 (9th Cir. 2016). Way argues that, with respect to the CSA charges, the government failed to establish (1) that Way had the requisite knowledge under the CSA and (2) that 5-F-UR-144 was substantially similar in pharmacological effect to JWH-018. But the evidence at trial (1) established knowledge and (2) included considerable expert testimony by government witnesses about the pharmacological similarity of the substances. We hold that, by "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Gonzalez*, 528 F.3d 1207, 1211 (9th Cir. 2008).

12. The district court did not err in denying Way's Rule 33 motion for a new trial. A district court's denial of a motion for a new trial is reviewed for abuse of discretion. *United States v. King*, 660 F.3d 1071, 1076 (9th Cir. 2011). The interest of justice did not require a new trial, since no "serious miscarriage of

justice may have occurred." *United States v. Kellington*, 217 F.3d 1084, 1096 (9th Cir. 2000); Fed. R. Crim. P. 33(a). A new trial was not warranted because, contrary to Way's position, the government's expert testimony was admissible and the evidence of state law compliance was properly excluded. The district court did not abuse its discretion.

13. The district court did not err in denying Way's motion for acquittal based on unconstitutional vagueness. This issue is reviewed *de novo*. *United States v. Weitzenhoff*, 35 F.3d 1275, 1289 (9th Cir. 1993). The Analogue Act is not unconstitutionally vague as applied to 5-F-UR-144 and JWH-018. A criminal law is "void-for-vagueness" if it fails to "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Beckles v. United States*, ___ U.S. ___, 137 S. Ct. 886, 892 (2017) (quoting *Kolender v. Lawson*, 461 U.S. 352, 357 (1983)). In *McFadden v. United States*, the Supreme Court found the Analogue Act to be an "unambiguous statute." 135 S. Ct. at 2307. The Court reasoned that even if the Analogue Act were ambiguous, the statute's scienter requirement "alleviate[s] vagueness concerns." *Id.* (quoting *Gonzales v. Carhart*, 550 U.S. 124, 149, 150 (2007)). *McFadden* forecloses Way's argument that the Analogue Act is unconstitutionally vague. Accordingly, the district court did not err in not setting aside the verdict.

14. Way argues that the errors as to Counts 1, 2, 3, and 5 affected the jury's evaluation of his credibility and therefore should result in vacating the conviction on Counts 6 and 7 (originally Counts 11 and 12 in the Indictment). Because we find no error, we reject Way's argument to vacate the conviction on Counts 6 and 7.

**AFFIRMED.**

18-10427