**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 23, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

GREGORY D. CROSBY,

        Defendant-Appellant.

No. 09-3357
(D.C. No. 5:09-CR-40049-RDR-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **ANDERSON**, and **TACHA**, Circuit Judges.

Gregory D. Crosby appeals from his conviction for attempted bank robbery
in violation of the first paragraph of 18 U.S.C. § 2113(a).  He maintains a jury
instruction permitted the jury to convict him based on *attempted* intimidation,
without finding *actual* intimidation.  He also claims there was insufficient
evidence of actual intimidation to sustain the conviction.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Background*

On May 21, 2009, Crosby drove up to the drive-through window at a federally insured bank in Topeka, Kansas, and passed a note to the teller demanding cash. The robbery note read: "This is a robbery. Give me all large bills. 100s, 50s, no bait money, no alarms, and give note back and do it fast." R. Vol. 3 at 29-30. The bank lobby was closed. The teller did not dispense any money to Crosby, but discussed the note with his fellow tellers who set off the alarm, called the police, and jotted down Crosby's licence number. When he did not receive any money after waiting for a minute or less, Crosby drove away from the bank. He was soon apprehended in a nearby store parking lot. When approached by police officers, he claimed he had a bomb in his car and had placed another bomb in the federal courthouse. No bombs were found at either location.

At the conclusion of a jury trial, Crosby was convicted of two counts: attempted bank robbery, in violation of 18 U.S.C. § 2113(a), and giving false information, in violation of 18 U.S.C. § 1038. The district court sentenced him to 240 months on the attempted-robbery count and 22 months on the false-information count, to run consecutively, for a total of 262 months in prison.[1]

---

[1]    Crosby does not challenge his false-information conviction or his sentence.

We affirm.[2]

## Jury Instructions

Crosby first argues Jury Instruction 7 improperly permitted the jury to convict upon proof of an attempt to intimidate the victims, rather than proof of actual intimidation as the statute requires. He did not raise this argument in the district court, however. We review for plain error.[3] *United States v. Teague*, 443 F.3d 1310, 1314 (10th Cir. 2006) (reviewing for plain error defendant's challenge to jury instruction where he had failed to object to it in district court).

> To establish plain error, [Crosby] must show: (1) an error, (2) that is plain, which means clear or obvious under current law, and (3) that affects substantial rights. If he satisfies these criteria, this Court may exercise discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. The plain error standard presents a heavy burden for an appellant, one which is not often satisfied.

*United States v. Hasan*, 609 F.3d 1121, 1133 (10th Cir. 2010) (citation omitted) (internal quotation marks omitted); *accord United States v. Olano*, 507 U.S. 725, 732 (1993).

---

[2]     Our jurisdiction derives from 28 U.S.C. § 1291.

[3]     The government asserts any claimed error in the jury instruction was invited and this court should therefore decline to review it. An unpreserved error, when "intentionally caused by the party claiming prejudice on appeal," is waived, and the party is not entitled to appellate relief. *United States v. Teague*, 443 F.3d 1310, 1314 (10th Cir. 2006). The record does not support a finding Crosby intentionally caused an error, however. There was no discussion about whether actual intimidation was required during the jury-instruction conference, or elsewhere. Simple neglect, as in failing to object to an instruction or acquiesce in one, is insufficient.

The statutory language at issue reads as follows:

> Whoever, *by force and violence, or by intimidation, takes, or attempts to take*, from the person or presence of another . . . any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association . . . [s]hall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 2113(a) (emphasis added). Jury Instruction 7 closely tracks the statute, saying the government was required to prove "the defendant attempted to take the money, property or thing of value by force and violence or intimidation." R. Vol. 1 at 56. Further, Jury Instruction 7 said,

> The "intimidation" must be caused by an act knowingly and intentionally done or statement knowing and intentionally made by the defendant, which was done or made in such a manner or under such circumstances that would produce such a reaction or such fear of bodily harm in a reasonable person. The government need not prove actual fear on the part of any person.

*Id.* at 57.

In addition, Jury Instruction 8 explained, "to prove an attempt, the government must prove beyond a reasonable doubt that (1) the defendant intended to commit the crime; and that (2) the defendant took a substantial step towards commission of that crime." *Id.* at 58. Viewing instructions 7 & 8 together, and with all the other instructions, they "accurately state[d] the governing law and provide[d] the jury with an accurate understanding of the relevant legal standards and factual issues in the case." *United States v. Batton*, 602 F.3d 1191, 1199

-4-

(10th Cir. 2010) (internal quotation marks omitted). As there was no instructional error our inquiry ends at the first step of plain error analysis.

*Sufficiency of the Evidence*

Crosby asserts the evidence was insufficient to support his conviction for attempted bank robbery because the evidence did not prove actual intimidation. We review the sufficiency of evidence de novo, giving "considerable deference to the jury's verdict." *United States v. Mullins*, 613 F.3d 1273, 1280 (10th Cir.), *cert. denied*, 131 S. Ct. 582 (2010). We view all of the evidence, "as well as the reasonable inferences that could be drawn from it, in the light most favorable to the government. An inference is reasonable if the conclusion flows from logical and probabilistic reasoning." *United States v. Truong*, 425 F.3d 1282, 1288 (10th Cir. 2005) (citation omitted) (internal quotation marks omitted). While mere suspicion of guilt will not sustain the jury's verdict, we will affirm based on "permissible inferences the jury may draw from the evidence before it . . . if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (internal quotation marks omitted).

In deciding whether there is sufficient evidence of intimidation to support a conviction of bank robbery under § 2113(a), we consider three factors: "(1) whether the situation appeared dangerous, (2) whether the defendant intended to intimidate, and (3) whether the bank personnel were reasonable in their fear of

death or injury." *United States v. Farrow*, 277 F.3d 1260, 1268 n.7 (10th Cir. 2002) (internal quotation marks omitted).

"We have defined intimidation in the context of § 2113(a) as an act by defendant reasonably calculated to put another in fear, or conduct and words calculated to create the impression that any resistance or defiance by the individual would be met by force." *United States v. Valdez*, 158 F.3d 1140, 1143 (10th Cir. 1998) (internal quotation marks omitted). Moreover, the two circuits holding "actual intimidation" is required for an attempted bank robbery conviction apply the reasonable-person standard when defining "intimidation." *United States v. Thornton*, 539 F.3d 741, 748 (7th Cir. 2008) (defining "intimidation" as "saying or doing something in such a way as would place a reasonable person in fear" (internal quotation marks omitted)); *United States v. Bellew*, 369 F.3d 450, 453 (5th Cir. 2004) (defining "intimidation" as "when one individual acts in a manner that is reasonably calculated to put another in fear" (internal quotation marks omitted)).[4]

---

[4]     The following circuits have not required actual intimidation to prove attempted bank robbery under the first paragraph of § 2113(a): *United States v. Wesley*, 417 F.3d 612, 618 (6th Cir. 2005) ("Actual intimidation is not required to prove attempted bank robbery under the first paragraph of 18 U.S.C. § 2113(a)."); *United States v. Moore*, 921 F.2d 207, 209 (9th Cir. 1990) (holding § 2113(a) "does not require the actual use of force, violence or intimidation"); *United States v. McFadden*, 739 F.2d 149, 151-52 (4th Cir. 1984) (rejecting claim that actual force and violence or intimidation must accompany the attempt to rob a bank, which "would mean that the agents must wait until the defendants entered the
(continued...)

The trial evidence concerning intimidation was presented by three bank employees working at or near the drive-through window. First, the drive-through teller who received the robbery note testified that although "there was no reason to give him any money . . . because [the robber] was outside and [the bank employees] were inside," R. Vol. 3 at 28, the bank employees pulled the bait money to set off an alarm, called 911, and wrote down the license plate number of the robbery car. He also testified that the bank managers had told him the drive-through teller window was bullet-proof glass, he never saw a weapon, and the robber did not speak at all. When asked on cross-examination if the robber threatened him, the teller responded, "No, other than the note saying it's a robbery." *Id.* at 39.

The other two bank employees testified similarly that they read the robbery note, and among them, pulled the bait money, called 911, and wrote down the car's license plate number. The robber drove off after waiting a minute or less. They also testified that they did not see a weapon. In response to a question asking whether the note conveyed any threat, the third employee answered, "Just that he was trying to rob us." *Id.* at 69.

---

[4](...continued)
bank or the vicinity of the bank with the sawed-off shotguns at the ready," imperiling bank employees, police, bystanders, and defendants); *United States v. Jackson*, 560 F.2d 112, 116-17 (2d Cir. 1977) (holding actual use of force, violence, or intimidation not required; defendant's obvious criminal intent and substantial steps to execute bank robbery were sufficient to sustain conviction).

"We reverse a conviction only if no reasonable jury could have reached the challenged verdict." *United States v. Hooks*, 551 F.3d 1205, 1212 (10th Cir. 2009). If there is a reasonable, not fanciful, basis for the jury's verdict, we must affirm. *See United States v. Thomas*, 593 F.3d 752, 760-61 (8th Cir.) ("Even if the evidence allowed another rational explanation, our review is strictly circumscribed by a necessary respect for the jury's verdict."), *cert. denied*, 131 S. Ct. 259 (2010).

The jury could have rationally concluded a reasonable person would have felt intimidated under the circumstances, whether or not the bank employees were, in fact, intimidated. The bank employees took seriously Crosby's robbery threat: they pulled the bait money to set off the alarm, called 911, and wrote down the license number of the car. A person in their position might reasonably have inferred Crosby had a weapon, even though one was not noticed, brandished or referenced, because he was in a vehicle where a weapon could well have been concealed. And even if the tellers were behind bullet-proof glass, as one of them understood, that would not undercut the reasonableness of a reasonable person's fear because firing a weapon at someone behind bullet-proof glass is "reasonably calculated to put life in danger." *United States v. Johnson*, 401 F.2d 746, 747 (2d Cir. 1968) (per curiam) (holding defendant who shot at drive-up bank teller not entitled to defense that teller's life was never in danger because bullet failed to penetrate bullet-proof glass at teller window). In any event one need not be in

a life-threatening situation to be intimidated.  A reasonable fear of injury would be sufficient.

Moreover, it seems quite clear that Crosby intended to intimidate.  His later bomb threats confirm his intentions even if his actions at the bank were ambiguous as to his intent.

The evidence rationally supports the inferences that the situation appeared dangerous, Crosby intended to intimidate the bank employees, and the bank employees reasonably feared injury or death.  Accordingly, we cannot and will not disturb the jury's verdict.

## *Conclusion*

Crosby's motion to file a pro se supplemental brief is DENIED.  Crosby's convictions and sentence are AFFIRMED.

Entered for the Court

Terrence L. O'Brien
Circuit Judge