UNITED STATES COURT OF APPEALS    June 21, 2012

TENTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GREGORY D. CROSBY,

    Defendant - Appellant.

No. 12-3075
(D.C. Nos. 11-CV-04072-RDR and
6:09-CR-40049-RDR-1)
(D. Kan.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

Defendant-Appellant, Gregory D. Crosby, a prisoner proceeding pro se, seeks a certificate of appealability ("COA") to appeal the district court's denial of his motion to vacate, set aside, or correct his sentence. 28 U.S.C. § 2255. Finding that he has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c), we deny Mr. Crosby's request for a COA and dismiss this appeal.

Mr. Crosby was convicted of attempted bank robbery and giving false information and was sentenced to 262 months' imprisonment. He appealed his bank robbery conviction to this court, and it was affirmed. See United States v. Crosby, 416 F. App'x 776 (10th Cir. 2011). Mr. Crosby's § 2255 motion asserted

claims of ineffective assistance of counsel and claimed that he was denied access to a law library, that the trial court erred in denying his motion to dismiss the indictment, and that newly discovered evidence warranted relief. 1 R. 40-56. The district court denied his motion. United States v. Crosby, No. 09-cv-40049-01-RDR, 2012 WL 899263 (D. Kan. Mar. 16, 2012).

In order to receive a COA, Mr. Crosby must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This means that "he must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). To show ineffective assistance of counsel, Mr. Crosby must demonstrate deficient performance by counsel and prejudice. Strickland v. Washington, 466 U.S. 668, 687 (1984)

Mr. Crosby first argues that he was convicted of bank robbery without a finding of actual intimidation beyond a reasonable doubt. Aplt. Br. 2-3, 7-9. This claim was raised on direct appeal and may not be raised again in a § 2255 motion. United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994). Of course, we are bound by the rejection of the claim on direct appeal. That means that it cannot support an ineffective-assistance claim. As the district court noted, Mr. Crosby cannot prove prejudice. Thus, the district court's rejection of the claim is not reasonably debatable.

Mr. Crosby also argues that he received ineffective assistance of counsel

because there was no physical or DNA evidence to implicate him, counsel failed to properly investigate his case, and counsel failed to mention $3,000 that was under the driver's seat of the car. Aplt. Br. 10-13. The district court's resolution of the ineffective-assistance claim presented to it is not reasonably debatable. Counsel did remind the jury that none of Mr. Crosby's DNA was found on the evidence. Crosby, 2012 WL 899263 at *5. Regardless, the evidence was overwhelming, including three eye-witness identifications of Mr. Crosby. Id. 2012 WL 899263 at *5-*6. Furthermore, nothing about $3,000 under the seat of a car was raised before the district court. 1 R. 40-56. Therefore, we will not consider it here.

Mr. Crosby also asks that we review the record de novo because the "court should have consider [sic] this more carefully." Aplt. Br. 10, 14. On collateral review, we have applied the legal standards above.

We DENY a COA and DISMISS the appeal. All pending motions are denied.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge