**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 30, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

GREGORY D. CROSBY,

        Defendant-Appellant.

No. 13-3023
(D.C. Nos. 5:11-CV-04072-RDR and
5:09-CR-40049-RDR-1)
(D. of Kan.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

Gregory Crosby, a federal prisoner, requests a certificate of appealability (COA) under 28 U.S.C. § 2253(c)(1)(B) to appeal the district court's denial of his motion under 28 U.S.C. § 2255.[1] He also appeals the district court's denial of his 18 U.S.C. § 3600 motion for post-conviction DNA testing.[2] Exercising

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We construe Crosby's filings liberally because he is proceeding *pro se*. *See, e.g.*, *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

[2] Crosby says we must treat his § 3600 DNA motion as exempt from the requirements of the Antiterrorism and Effective Death Penalty Act (AEDPA). It

(continued...)

jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we deny the COA as to

Crosby's § 2255 motion and dismiss that part of the appeal, and we affirm the

district court as to Crosby's § 3600 motion.

A jury convicted Crosby of attempted bank robbery and conveying false

information. We affirmed the convictions. *United States v. Crosby*, 416 F. App'x

776 (10th Cir. 2011). Crosby then filed a motion for collateral review under 28

U.S.C. § 2255. The district court denied relief, and we affirmed. *United States v.*

*Crosby*, 468 F. App'x 913 (10th Cir.), *cert. denied*, 133 S. Ct. 314 (2012).

Crosby next sought relief under Federal Rule of Criminal Procedure 33, Federal

Rule of Civil Procedure 60(b), and 18 U.S.C. § 3600. The district court denied

the Rule 33 motion as untimely, the Rule 60(b) motion as a second or successive

motion under § 2255, and the § 3600 DNA motion for not raising a reasonable

probability of Crosby's innocence. The court also denied a COA. *United States*

---

[2](...continued)
is true that a motion under § 3600 is not governed by § 2255's limitation on
"second or successive motion[s]," 18 U.S.C. § 3600(h)(3), but the statute is silent
as to the applicability of AEDPA's COA requirement. The Fourth Circuit has
declined to address whether or not a COA is necessary. *See United States v.*
*McDonald*, 641 F.3d 596, 616 n.13 (4th Cir. 2011). The Fifth Circuit, by
contrast, has reviewed a district court's refusal to order DNA testing without
addressing whether the court had jurisdiction to do so absent a COA. *See United*
*States v. Fasano*, 577 F.3d 572 (5th Cir. 2009). We have done the same. *See*
*United States v. Jordan*, 594 F.3d 1265 (10th Cir. 2010). Following our practice
in *Jordan*, we treat Crosby's § 3600 DNA motion as its own motion—not under
§ 2255—and therefore not subject to the COA requirement. *Compare* 28 U.S.C.
§ 2253(c)(1) (requiring a COA only in state habeas and § 2255 cases), *with* 18
U.S.C. § 3600(h)(2), (3) (noting that § 3600 is neither a basis for relief in any
federal habeas proceeding nor a motion under § 2255).

*v. Crosby*, No. 09-40049-RDR, 2013 WL 211043 (D. Kan. Jan. 18, 2013).  Crosby now asks that we grant a COA for his § 2255 motion and reverse the district court's denial of his § 3600 motion.

We grant a COA only if an applicant makes a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In Crosby's request, he raises the same arguments he raised before the district court.  His arguments attack the underlying conviction—not a procedural ruling which precluded a merits determination of his habeas application, nor a defect in the integrity of the habeas proceeding.  Accordingly, they are properly construed as § 2255 arguments.  *See Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005).  And because Crosby cites neither "newly discovered evidence" nor a "new rule of constitutional law" justifying his action, his motion was properly dismissed.  *See Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011) (citing 28 U.S.C. § 2255(h)).  Crosby claims to have newly discovered evidence, but the four pieces of evidence he cites were included in the seven he presented to the district court, and the district court correctly determined that this evidence is not "newly discovered."  *See Crosby*, 2013 WL 211043, at *4.

Crosby also claims he is entitled to post-conviction DNA testing[3] under the Innocence Protection Act of 2004, 18 U.S.C. § 3600.  He cites the Fifth Circuit's decision in *Fasano* for support.  In *Fasano*, the defendant raised a reasonable

---

[3]  Crosby does not say which evidence should be subject to DNA testing.

probability that he did not commit the bank robbery in question. A house guest with a criminal record had been staying with the defendant at the time of the robbery, so if DNA evidence showed that the clothing seized near the scene of the robbery had been worn by the house guest instead of by the defendant, the defendant had a reasonable probability of being exonerated. *Fasano*, 577 F.3d at 578. That probability satisfied one of the ten requirements for post-conviction DNA testing, namely § 3600(a)(8). *Id.*

Here, by contrast, Crosby does not raise a reasonable probability of his innocence. He offers no theory as to whose DNA would appear besides his own. And, as we noted in our order denying his first COA request, Crosby *did* argue at his trial that the prosecution lacked DNA evidence tying him to the crime, but the jury convicted anyway in light of the "overwhelming" evidence of his guilt. *Crosby*, 468 F. App'x at 914. Similarly, the district court observed that DNA testing "would not have made any difference . . . where the government presented three eyewitness bank employees who positively identified the defendant at the bank less than two hours after the robbery occurred . . . ." *Crosby*, 2013 WL 211043, at *1 n.1 (alteration incorporated; internal quotation marks omitted). Therefore, Crosby has not satisfied the "reasonable probability" requirement in § 3600(a)(8), nor has he satisfied all of the other nine requirements for ordering a post-conviction DNA test. *See* 18 U.S.C. § 3600.

Accordingly, we DENY Crosby's COA request and dismiss that part of the appeal. We also AFFIRM the district court's denial of post-conviction DNA testing.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Circuit Judge