FILED
United States Court of Appeals
Tenth Circuit

April 14, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GREGORY D. COSMO CROSBY, a/k/a
GREGORY D. COSBY, a/k/a
GREGORY D. CROSBY,

      Petitioner - Appellant,

v.

JOHN OLIVER, FLX–FID @ Florence,

      Respondent - Appellee.

No. 13-1513
(D.C. No. 1:13-CV-02845-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **MCKAY,** and **MATHESON**, Circuit Judges.

Gregory D. Crosby, a federal prisoner proceeding pro se, applied for relief under

28 U.S.C. § 2241 in the United States District Court for the District of Colorado. The

district court denied his application because he had an adequate and effective remedy

---

[*] After examining the brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

under 28 U.S.C. § 2255 to challenge his conviction. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm for essentially the same reason.

Mr. Crosby was convicted of attempted bank robbery under 18 U.S.C. § 2213(a) and giving false information under 18 U.S.C. § 1038. We affirmed his conviction on direct appeal. *See United States v. Crosby*, 416 F. App'x 776, 777–78 (10th Cir. 2011). He moved for relief under 28 U.S.C. § 2255, but the district court denied his motion, and we denied a certificate of appealability and dismissed the appeal. *See United States v. Crosby*, 468 F. App'x 913 (10th Cir. 2012). He filed a motion for new trial, which the district court construed as a second § 2255 motion and denied. We again denied a certificate of appealability and dismissed the appeal. *See United States v. Crosby*, 515 F. App'x 771 (10th Cir. 2013). He now seeks relief under 28 U.S.C. § 2241.

"A petition brought under 28 U.S.C. § 2241 typically attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Brace v. United States,* 634 F.3d 1167, 1169 (10th Cir. 2011) (internal quotation marks omitted). "A § 2255 motion, on the other hand, is generally the exclusive remedy for a federal prisoner seeking to attack the legality of detention, and must be filed in the district that imposed the sentence." *Id.* (brackets and internal quotation marks omitted). But the "so-called savings clause of § 2255" permits a federal prisoner to proceed under § 2241 in the rare circumstance when a § 2255 motion provides "an inadequate or ineffective remedy to challenge a conviction." *Id.* (internal quotation marks omitted); *see* 28 U.S.C. § 2255(e)). "The petitioner bears the burden of

2

demonstrating that the remedy in § 2255 is inadequate or ineffective." *Brace*, 634 F.3d at 1169.

Mr. Crosby's argument—that one of his jury instructions misstated what the jury had to find to convict him of attempted bank robbery—is a challenge to his conviction, not to the execution of his sentence. He argues that he may nevertheless proceed under § 2241 because he has no remaining remedy under § 2255. First, he contends that he lacks a remedy because he was already denied relief under § 2255. But we have held that "[f]ailure to obtain relief under 2255 does not establish that the remedy so provided is either inadequate or ineffective." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (internal quotation marks omitted); *see Prost v. Anderson*, 636 F.3d 578, 584 (10th Cir. 2011) (the "relevant metric" to decide whether § 2255 is inadequate or ineffective is "whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion"). Second, he claims that § 2255 could not have provided an adequate remedy because it does not allow him to raise arguments that he lost on direct appeal. But "the potential or actual application of the law-of-the-case doctrine to an argument raised in a § 2255 motion does not mean that § 2255 is inadequate or ineffective, as the argument still could have been tested in that § 2255 proceeding." *Abernathy v. Wandes*, 713 F.3d 538, 546 (10th Cir. 2013). Also, that Mr. Crosby may be procedurally barred from filing a second or successive § 2255 application does not mean that § 2255 is an inadequate or ineffective remedy. *See Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999). In short, Mr. Crosby has not

3

shown that the remedy available under § 2255 is inadequate or ineffective to challenge his conviction.

Mr. Crosby also asserts that the § 2255 savings clause can be used "to avoid serious constitutional questions arising from application of 2255(h)." Aplt. Br. at 13–14. We raised that possibility in *Prost* but declined to decide the issue because the appellant had not developed an argument on the point "or even identif[ied] what provision of the Constitution he thinks would be offended by the imposition of § 2255(h)'s bar in his case." *Prost*, 636 F.3d at 594. For the same reasons, we need not decide the issue here.

We AFFIRM the judgment of the district court.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge