FILED
United States Court of Appeals
Tenth Circuit

June 5, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff − Appellee,

v.

GREGORY D. CROSBY,

Defendant − Appellant.

No. 15-3080
(D.C. Nos. 5:15-CV-04851-RDR &
5:09-CR-40049-RDR-1)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **HOLMES**, and **BACHARACH**, Circuit Judges.

Gregory D. Crosby, a federal prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his motion attacking his sentence, construed as a second or successive motion under 28 U.S.C. § 2255, for lack of jurisdiction. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we deny Mr. Crosby a COA and dismiss the appeal.

The district court thoroughly reviewed Mr. Crosby's unsuccessful history of filing motions attacking his December 2009 conviction, including his first § 2255 motion in July 2011, which was denied on the merits. *See* Mem. & Order,

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

D.C. Doc. 153, at 1-3.  The court also thoroughly explained that his current motion was actually a second or successive § 2255 motion because it was a merits-based attack on his conviction, and that the court lacked jurisdiction to consider a successive § 2255 motion without this court's prior authorization.  Mem. & Order at 3-5.  The court declined to transfer the motion to this court for authorization because Mr. Crosby "made no suggestion that he satisfie[d] the standard to file a second or successive § 2255 petition." *Id.* at 5.  The court further determined that if Mr. Crosby sought to proceed under 28 U.S.C. § 2241, the court lacked jurisdiction to consider the motion because he had not shown that § 2255 provided an ineffective or inadequate remedy.  Mem. & Order at 6-7.  And the court rejected Mr. Crosby's request for a writ of audita querela.  *Id.* at 7.  The court therefore dismissed Mr. Crosby's motion for lack of jurisdiction.  *Id.*

A COA is a jurisdictional prerequisite to our review of the district court's decision.  *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  We will issue a COA "only if [Mr. Crosby] has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Because the district court denied his § 2255 motion on procedural grounds, we will grant a COA only if the district court's procedural ruling is reasonably debatable.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  We conclude that it is not debatable for the reasons thoroughly explained by the district court.  Mr. Crosby's request for a COA is conclusory and does not challenge the district court's reasoning; he does not provide a basis for granting a COA.

- 2 -

"A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until this court has granted the required authorization." *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam). When presented with an unauthorized second or successive application, the district court has the option to transfer the application to this court if a transfer is in the interest of justice or dismiss it for lack of jurisdiction. *Id.* at 1252. The district court decided to dismiss, clearly explaining why. Nothing before us indicates that any reasonable jurist would disagree with that decision.

Accordingly, we deny Mr. Crosby's application for a COA and dismiss this appeal.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk

- 3 -