FILED
United States Court of Appeals
Tenth Circuit

July 29, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GREGORY D. CROSBY,

    Defendant - Appellant.

No. 20-3078
(D.C. Nos. 5:20-CV-04011-KHV &
5:09-CR-40049-KHV-1)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **KELLY**, and **EID**, Circuit Judges.
_____

Gregory D. Crosby, a federal prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's dismissal of his post-judgment motion for lack of jurisdiction. We deny a COA and dismiss this appeal.

A federal jury found Crosby guilty of attempted bank robbery and conveying false information related to bomb threats, and we affirmed. *United States v. Crosby*, 416 F. App'x 776, 777-78 (10th Cir. 2011). Crosby filed a § 2255 motion in 2011. The district court denied relief, and this court denied a COA and dismissed his appeal. *United States v. Crosby*, 468 F. App'x 913, 913 (10th Cir. 2012).

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 2015, Crosby filed a motion that the district court construed as a second or successive § 2255 motion "because it was a merits-based attack on his conviction." *United States v. Crosby*, 608 F. App'x 665, 666 (10th Cir. 2015).  The district court dismissed that motion, explaining that it "lacked jurisdiction to consider a successive § 2255 motion without this court's prior authorization."  *Id.*  In our order denying a COA, we again explained that "[a] district court does not have jurisdiction to address the merits of a second or successive § 2255 claim until this court has granted the required authorization."  *Id.* (ellipsis and internal quotation marks omitted).

Earlier this year, Crosby filed a habeas application under 28 U.S.C. § 2241.  The district court construed that filing as a second or successive § 2255 motion because it asserted or reasserted federal grounds for relief from his underlying convictions and sentence.  *See United States v. Nelson*, 465 F.3d 1145, 1148-49 (10th Cir. 2006) ("It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion."  *Id.* at 1149).  Because Crosby had not obtained this court's authorization to file a second or successive § 2255 motion, the district court dismissed his motion for lack of jurisdiction.  *See id.* at 1149.

Crosby must obtain a COA to pursue an appeal.  *See United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008); *see also* 28 U.S.C. § 2253(c)(1)(B).  We liberally construe his pro se opening brief and application for a COA.  *See Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002).  Because the district court's ruling rested on procedural grounds, Crosby must show *both* "that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of

2

reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added).

Crosby does not dispute that he filed a first § 2255 motion, which was decided on the merits. He argues in his application for a COA that the district court's assessment of his constitutional claims in his latest post-judgment motion was debatable or wrong. But even assuming that he has demonstrated that his motion states a debatable claim of the denial of a constitutional right, he must also show that the district court's procedural ruling is debatable. And we perceive no argument in Crosby's COA application addressed to the district court's basis for dismissing his motion: that it lacked jurisdiction to consider an unauthorized successive § 2255 motion, *see In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

"[I]n 28 U.S.C. § 2255 Congress has chosen to afford every federal prisoner the opportunity to launch at least one collateral attack to any aspect of his conviction or sentence." *Prost v. Anderson*, 636 F.3d 578, 583 (10th Cir. 2011). Crosby exercised that opportunity when he filed his first § 2255 motion in 2011. Congress has also provided a limited opportunity to file a second or successive attack on a conviction:

> Recognizing the enhanced finality interests attaching to a conviction already tested through trial, appeal, *and* one round of collateral review, . . . Congress has specified that only certain claims it has deemed particularly important—those based on newly discovered evidence suggestive of innocence, or on retroactively applicable constitutional decisions—may be brought in a second or successive motion.

*Id.* at 583-84. And such a second or successive motion requires this court's authorization before it can be filed in the district court. *Cline*, 531 F.3d at 1251.

3

We hold that reasonable jurists would not debate the district court's ruling that it lacked jurisdiction over Crosby's motion because it was an unauthorized second or successive § 2255 motion. We therefore deny a COA and dismiss this appeal. Crosby's motion to proceed on appeal without prepayment of the filing and docketing fees is granted.

Entered for the Court
Per Curiam