**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 1, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GREGORY D. CROSBY, a/k/a
Gregory D. Cosby,

      Petitioner - Appellant,

v.

BILL TRUE, Warden,

      Respondent - Appellee.

No. 20-1288
(D.C. No. 1:20-CV-01191-LTB-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **KELLY**, and **EID**, Circuit Judges.
_____

      Pro se federal prisoner Gregory D. Crosby appeals the dismissal of his Amended

Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.[1]  Exercising

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] A federal prisoner is not required to obtain a certificate of appealability to seek review of a district court's denial of a habeas application under § 2241.  *Eldridge v. Berkebile*, 791 F.3d 1239, 1241 (10th Cir. 2015).

jurisdiction under 28 U.S.C. 1291, we affirm.  We also deny his request to proceed *in forma pauperis* ("*ifp*").[2]

## I.  BACKGROUND

In 2014, this court affirmed the denial of a previous § 2241 application that Mr. Crosby filed in 2013 regarding the same conviction he is challenging here.  *Crosby v. Oliver*, 561 F. App'x 754 (10th Cir. 2014) (unpublished).  Our decision set forth procedural and legal background that is relevant to this appeal:

> Mr. Crosby was convicted of attempted bank robbery under 18 U.S.C. § 2113(a) and giving false information under 18 U.S.C. § 1038.  We affirmed his conviction on direct appeal.  *See United States v. Crosby,* 416 Fed.Appx. 776, 777–78 (10th Cir.2011).  He moved for relief under 28 U.S.C. § 2255, but the district court denied his motion, and we denied a certificate of appealability and dismissed the appeal.  *See United States v. Crosby*, 468 Fed.Appx. 913 (10th Cir.2012).  He filed a motion for new trial, which the district court construed as a second § 2255 motion and denied.  We again denied a certificate of appealability and dismissed the appeal.  *See United States v. Crosby*, 515 Fed.Appx. 771 (10th Cir.2013).  He now seeks relief under 28 U.S.C. § 2241.
>
> "A petition brought under 28 U.S.C. § 2241 typically attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined."  *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir.2011) (internal quotation marks omitted).  "A § 2255 motion, on the other hand, is generally the exclusive remedy for a federal prisoner seeking to attack the legality of detention, and must be filed in the district that imposed the sentence."  *Id.* (brackets and internal quotation marks omitted).  But the

---

[2] Because Mr. Crosby appears pro se "we liberally construe his filings, but we will not act as his advocate."  *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

"so-called savings clause of § 2255" permits a federal prisoner to proceed under § 2241 in the rare circumstance when a § 2255 motion provides "an inadequate or ineffective remedy to challenge a conviction." *Id.* (internal quotation marks omitted); *see* 28 U.S.C. § 2255(e). "The petitioner bears the burden of demonstrating that the remedy in § 2255 is inadequate or ineffective." *Brace*, 634 F.3d at 1169.

*Id.* at 755. We affirmed because Mr. Crosby wished to contest a jury instruction—a challenge to his conviction, not to the execution of his sentence. *Id.* We rejected his arguments that a § 2255 motion provided an inadequate or ineffective remedy. *Id.* at 755-56.

Earlier this year, Mr. Crosby filed the § 2241 application underlying this appeal. He claimed that the "[t]rial court erred when the $3,000 was not mentioned during trial. This matter comes on petitioner['s] claim that the original court fail[ed] to hear evidence relating to $3,000.00 not being mentioned." ROA at 80. His application further referred to "the fact of $3,000.00 dollar not recover[ed] or found in the vehicle." *Id.* at 84. He alleged that "[§] 2255 has been inadequate and ineffective to prove his innocence." *Id.* at 86. In short, he challenges his conviction because the trial court failed to mention that the money he was convicted of attempting to rob from a bank was not found.

The district court denied Mr. Crosby's § 2241 application and dismissed for lack of statutory jurisdiction. It adopted the magistrate judge's recommendation, which determined that Mr. Crosby had failed to show that a § 2255 motion was inadequate or ineffective. *Id.* at 109-10; *see id.* at 97-99 (magistrate judge's recommendation).

3

## II. **DISCUSSION**

"When reviewing the denial of a habeas petition under § 2241, we review the district court's legal conclusions de novo and accept its factual findings unless clearly erroneous." *al–Marri v. Davis*, 714 F.3d 1183, 1186 (10th Cir. 2013).

A § 2255 motion is ordinarily the only means to challenge the validity of a federal conviction following the conclusion of direct appeal. *Brace*, 634 F.3d at 1169. Under a narrow exception in § 2255(e), the "savings clause," a federal prisoner may file a § 2241 application challenging the validity of his conviction only if a § 2255 motion is "inadequate or ineffective to test the legality of his detention." *Abernathy v. Wandes*, 713 F.3d 538, 547 (10th Cir. 2013) (quoting 28 U.S.C. § 2255(e)). In *Prost v. Anderson*, 636 F.3d 578 (10th Cir. 2011), this court stated the rule to challenge a conviction under § 2241: "The relevant metric or measure, we hold, is whether a petitioner's argument challenging the legality of his detention could have been tested in an initial § 2255 motion. If the answer is yes, then the petitioner may not resort to the savings clause and § 2241." *Id.* at 584.[3]

Mr. Crosby has failed to show that § 2255(e) applies. The magistrate judge's recommendation correctly explained that Mr. Crosby's having sought and been denied § 2255 relief does not show that § 2255 is inadequate or ineffective. *See Bradshaw v*

---

[3] In his brief, Mr. Crosby urges this court to "[r]evisit the *Prost* test." Aplt. Br. at 9. But "[u]nder the doctrine of *stare decisis*, this panel cannot overturn the decision of another panel of this court . . . absent *en banc* reconsideration or a superseding contrary decision by the Supreme Court." *United States v. Meyers*, 200 F.3d 715, 720 (10th Cir. 2000).

*Story*, 86 F.3d 164, 166 (10th Cir. 1996).  Further, Mr. Crosby's having previously been barred from bringing a second or successive § 2255 motion also does not satisfy § 2255(e).  *See Caravalho v. Pugh*, 177 F.3d 1177, 1179 (10th Cir. 1999) (citing *United States v. O'Bryant*, No. 98-1179, 1998 WL 704673, at \*2 (10th Cir. Oct. 2, 1998) (unpublished)).

Mr. Crosby's innocence assertion is unavailing.  A prisoner can establish actual innocence in post-conviction proceedings only by bringing forward new exculpatory evidence.  *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (citing *House v. Bell*, 547 U.S. 518, 538 (2006); *Schlup v. Delo*, 513 U.S. 298, 329 (1995)).  Mr. Crosby has produced no new evidence.  Nor has he otherwise presented meritorious arguments to challenge the district court's dismissal.

## III.  **CONCLUSION**

We affirm the district court's judgment.  We deny Mr. Crosby's motion to proceed *ifp*.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

5