FILED
**United States Court of Appeals**
**Tenth Circuit**

**June 12, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GREGORY D. CROSBY,

    Defendant - Appellant.

No. 24-3018
(D.C. No. 5:09-CR-40049-KHV-1)
(D. Kan.)

_____

## ORDER AND JUDGMENT[*]
_____

Before **MORITZ**, **BALDOCK**, and **MURPHY**, Circuit Judges.
_____

Gregory Crosby, a federal prisoner proceeding pro se,[1] appeals the district

court's order denying his motion for a sentence reduction under 18 U.S.C.

§ 3582(c)(1)(A)(i). Finding no abuse of discretion, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. _See_ Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[1] We construe Crosby's pro se filings liberally, "but we do not act as his advocate." _United States v. Griffith_, 928 F.3 855, 864 n.1 (10th Cir. 2019).

**Background**

Crosby is serving a 262-month prison sentence for attempted bank robbery and conveying false information. *See United States v. Crosby*, 416 F. App'x 776, 778–81 (10th Cir. 2011) (affirming bank-robbery conviction). In December 2023, Crosby filed a motion asking the district court to reduce his sentence by 24 to 36 months based on his proposed release plans, one of which involved taking care of a relative; his age of 59; and his rehabilitative efforts while in prison.[2] The district court denied the motion, ruling that Crosby failed to establish extraordinary and compelling reasons warranting a reduction and that the sentencing factors in 18 U.S.C. § 3553(a) weighed against a reduction.

Crosby appeals. Our review is for abuse of discretion, meaning that we will reverse only if the district court based its decision on incorrect legal conclusions or clearly erroneous factual findings. *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021).

**Analysis**

Although federal courts may not "modify a term of imprisonment once it has been imposed," this rule has a few narrow exceptions. *United States v. Bradley*, 97 F.4th 1214, 1217 (10th Cir. 2024) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)). One appears in § 3582(c)(1)(A), which is sometimes called the

---

[2] This was Crosby's second such motion. We affirmed the district court's order denying his first motion. *United States v. Crosby*, No. 23-3034, 2023 WL 4938343, at *2 (10th Cir. Aug. 3, 2023) (unpublished).

compassionate-release statute. *Id.* at 1217–18. Section 3582(c)(1)(A) permits the district court to grant a sentence reduction if three requirements are met: (1) extraordinary and compelling circumstances support the reduction; (2) the reduction is consistent with the applicable policy statement in the United States Sentencing Guidelines (U.S.S.G.);[3] and (3) the § 3553(a) factors support a reduction.[4] *See McGee*, 992 F.3d at 1042–43.

Here, the district court concluded that Crosby did not establish extraordinary and compelling reasons warranting a sentence reduction. It first found nothing extraordinary in Crosby's preferred release plan, which asked that he be released to Las Vegas or Seattle and stated that he would obtain employment and initially live at a residential-reentry center. Crosby's alternative release plan proposed that he live "at his sister's house in Kansas City 'to help [as] caregiver [for a] relative,'" explaining that his sister needed the caregiving help because she had to work. R. vol. 1, 245 (quoting *id.* at 203). The district court found this plan was not extraordinary and compelling because Crosby's expressed preference for leaving Kansas City contradicted any professed need for his caregiving and because Crosby failed to show that he would be more available for caregiving than his sister, given that he also

---

[3] For a time, there was no applicable policy statement for sentence-reduction motions filed by defendants, unlike those filed by the Bureau of Prisons. *See United States v. McGee*, 992 F.3d 1035, 1049–50 (10th Cir. 2021). But the Sentencing Commission filled that gap in November 2023. *See Bradley*, 97 F.4th at 1217 n.1.

[4] Section 3582(c)(1)(A) also requires a defendant to exhaust administrative remedies. *Hemmelgarn*, 15 F.4th at 1030. The district court found below—and the government agrees on appeal—that Crosby met that requirement, so we do not discuss it further.

intended to obtain employment. The district court also contrasted Crosby's situation to the applicable policy statement, which suggests that extraordinary and compelling circumstances exist when a defendant is "the only available caregiver" for a relative in need of care. U.S.S.G. § 1B1.13(b)(3)(B)–(D).

Turning next to Crosby's age of 59, the district court found that the general decrease in the risk of recidivism that comes with aging is not extraordinary or compelling because this fact is "common to every prisoner." R. vol. 1, 247. It also noted that Crosby's recidivism risk was high to begin with, based on his crime of attempted robbery and his high criminal-history score. As for Crosby's rehabilitation efforts, the district court cited a federal statute under which "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for granting compassionate release. 28 U.S.C. § 994(t). And even considering all three grounds together, the district court concluded that Crosby's release plans, age, and rehabilitation efforts did not constitute extraordinary and compelling reasons and were not "of similar gravity to the circumstances identified in the first four categories of the applicable policy statement." R. vol. 1, 247; *see also* U.S.S.G. § 1B1.13(b).

Alternatively, the district court concluded that even if Crosby could establish extraordinary and compelling reasons, a reduced sentence would be "inconsistent with the seriousness of [the] offense, the need for deterrence[,] and the need to protect the public." R. vol. 1, 248; *see also* 18 U.S.C. § 3553(a)(2)(A)–(C). In particular, the district court noted that Crosby was serving a sentence for attempted bank robbery despite having previously served a 132-month sentence for an earlier

4

1994 bank robbery. Thus, even though Crosby had "completed a significant portion of his sentence and made some progress toward rehabilitation," the district court determined that the balance of the § 3553(a) factors did not support a reduced sentence. R. vol. 1, 248.

Challenging this analysis on appeal, Crosby primarily contends that the district court "misconstrue[d]" the policy statement in § 1B1.13(b)(3)(B)–(D) and argues that these provisions support finding extraordinary and compelling reasons to reduce his sentence.[5] Aplt. Br. 11. These sections of the policy statement detail various extraordinary and compelling family circumstances, and their unifying theme is that the defendant has become "the only available caregiver" for a relative in need of care. U.S.S.G. § 1B1.13(b)(3)(B)–(D). But that unifying theme of necessary caregiving does not exist in Crosby's situation. As the district court reasoned, Crosby's expressed ambivalence about living in Kansas City after his release undermined his assertion that he was needed there as a caregiver. Indeed, even on appeal, Crosby continues to express his preference for Las Vegas or Seattle over caregiving in Kansas City, stating that "his objective is to move to Las Vegas or Seattle what[]ever decision the court may render." Aplt. Br. 16. Given that Crosby's

---

[5] Crosby suggests in passing that we have never addressed the role of the policy statement when the district court finds no extraordinary and compelling reasons. But we have expressly held that "[t]he language of § 3582(c)(1)(A) . . . does not mandate a particular ordering of the three steps." *United States v. Hald*, 8 F.4th 932, 942 (10th Cir. 2021). That means a district court may consider whether a reduction is consistent with the policy statement at any point in its analysis, without regard for whether it has found extraordinary and compelling reasons. *See id.*

expressed preferences diminish the need for his proposed caregiving, the district court did not abuse its discretion in concluding his family circumstances did not constitute extraordinary and compelling reasons, in part because they differed substantially from the necessary-caregiving circumstances described in U.S.S.G. § 1B1.13(b)(3)(B)–(D).[6]

Because a district court can deny a sentence reduction when any of the three § 3582(c)(1)(A) steps is lacking, this determination is reason enough to affirm the district court's denial of a sentence reduction. *See Bradley*, 97 F.4th at 1218. But in the interest of addressing each of Crosby's pro se arguments, we will briefly consider Crosby's challenge to the district court's § 3553(a) analysis. On this point, Crosby recites some of the § 3553(a) sentencing factors and states in a conclusory fashion that the district court abused its discretion in weighing those factors. Yet in so doing, he offers no reason to question the district court's determination that the seriousness of his offense and criminal history weighed more heavily than his rehabilitative efforts while serving a substantial portion of his sentence. We accordingly lack any "definite and firm conviction that the lower court made a clear error of judgment or

---

[6] Crosby also purports to question the district court's rationale that because he plans to work, he will be no more capable of caregiving than his sister, whose work also prevents her from caregiving. In support, he states that his sister works at night and that he plans to work during the day, so they can trade off their working and caregiving time. Even if we could consider this explanation, which Crosby did not present to the district court, it does not account for Crosby's expressed preference for a release plan that does not involve caregiving and thus does not move the needle on establishing extraordinary and compelling reasons for early release.

exceeded the bounds of permissible choice in the circumstances." *Hald*, 8 F.4th at

949–50 (quoting *United States v. Chavez-Meza*, 854 F.3d 655, 659 (10th Cir. 2017)).

## Conclusion

Because the district court did not abuse its discretion in denying Crosby's

sentence-reduction motion as to either the absence of extraordinary and compelling

reasons or the § 3553(a) sentencing factors, we affirm. Appellant's Motion For Leave

to Proceed Without Prepayment of Costs or Fees is granted.

Entered for the Court


Nancy L. Moritz
Circuit Judge